CATHERINE A. DEE v. WINIFRED WILSON.[1]

December 18, 1903.

Nos. 13,660—(145).

**Order of Probate Court—Appeal.**

An order of the probate court discharging an order upon the executrix to show cause why the homestead devised by the will of the testate should not be sold to pay debts of the estate is an order refusing to direct the sale of real estate, within the meaning of G. S. 1894, § 4665, subd. 3; and such order can be reviewed by appeal only, and not upon certiorari.

Writ of certiorari issued from the district court for Olmsted county to review an order of the probate court for said county denying a motion to direct the sale of real property of James Wilson, deceased, to pay a debt due from his estate to the petitioner, Catherine A. Dee. From an order, Snow, J., quashing the writ, petitioner appealed. Affirmed.

*Fraser & Fraser,* for appellant.
*Burt W. Eaton,* for respondent.

LEWIS, J.

James Wilson died testate January 28, 1901, and his will contained the following clauses:

"First. I order and direct that my executrix, hereinafter named, pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"Second. After the payment of such funeral expenses and debts I give, devise and bequeath all my real estate, viz., 40 acres S. W. ¼ S. W. ¼, Section 19, Township 108, Range 15, to be divided equally between my son Michael and my daughter Winifred."

The will was probated, and the daughter Winifred was appointed executrix. A third daughter (appellant herein) proved up a claim of $215 against the estate, and, the same not having been paid, she

[1]Reported in 97 N. W. 647.

presented a petition in the probate court for an order upon the executrix to show why she had not paid the claim, and that she be ordered and required to at once pay it, and, if she had not sufficient money in her hands, that the court require her to sell and dispose of sufficient of the personal property and real estate, and that the petitioner be paid therefrom. The order to show cause was duly issued, and upon the hearing before the probate court it was stipulated in open court by the respective parties as follows:

> "That the claim of said petitioner was duly allowed in this court in the sum of $215, and that the same has not been paid; that the children of deceased are all of lawful age; that the only real estate owned by the deceased is the forty acres set forth in the inventory; and that said forty acres was his homestead at the time of his death; and that deceased left no surviving wife. * * * And if the court shall find that it was the intent of testator that the said homestead should be subject to the payment of debts, then, whether. the law allows a testator to defeat the homestead exemption so as to make it subject to the payment of debts * * *"

The record then shows the entry by the court as follows:

> "It appearing that but little, if any, will be left from the personal estate of said deceased after paying expenses of administration and expenses of funeral and last sickness, the only material question in the case is: Is the homestead subject to sale for the payment of debts of deceased? It is agreed in open court that the court first decide that question, and for that purpose the matter be taken under advisement by the court."

The probate court disposed of the matter by denying the petition and discharging the order upon the ground that, there being no surviving wife, the testator could devise his homestead, and that it could not be made subject to the payment of his debts. Thereupon appellant caused the proceedings to be removed by certiorari to the district court, and when the matter came on to be heard the writ was quashed and the proceedings dismissed upon the ground that the order sought to be reviewed by certiorari was appealable under

the statute, and that appellant had mistaken her remedy, and the correctness of this order is the only question now before this court.

Section 4665, G. S. 1894, with reference to appeals, reads:

> "An appeal may be taken to the district court from a judgment, order or decree of the probate court, in the following cases: * * * (3) An order directing or refusing to direct real property to be sold, mortgaged or leased, or confirming or refusing to confirm such sale, mortgaging or leasing."

The order referred to was one, in terms, refusing to direct the executrix to sell the homestead. It is not material that the matter was not brought on before the probate court upon motion of the executrix in the manner required by the statute for the sale of lands to pay debts. The court acquired jurisdiction to make the order, and the character of the application was not changed because the petition and order required the executrix to pay the claim out of the personal property, if there was sufficient for that purpose. If there had been sufficient funds on hand, or personal property, to pay the debt, then it would have been unnecessary to go any further; but, when the parties appeared before the probate court, it was taken for granted that there were not sufficient funds or personal property, and the order remained in force, by stipulation of the parties, for the purpose of having the court determine whether or not the real estate in question should be sold to meet the debts. That question was taken under consideration and determined by the probate court. In deciding to discharge the order to show cause, the court refused to direct the sale of real property, within the meaning of subdivision 3 of the statute. In so ruling the court did, it is true, construe the will, and held that, although by its terms the testator had attempted to subject the homestead to the payment of debts, yet, under the law, such purpose could not be accomplished. While, in a measure, this was a construction of the will, it was none the less a determination of the court that the real estate could not be sold.

Order affirmed.